**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER NEWCOMB, Plaintiff - Appellant, v. U.S. OFFICE OF SPECIAL COUNSEL; CAROLYN LERNER, United States Special Counsel, in her official capacity, Defendants - Appellees. | No. 12-55461 D.C. No. 3:11-cv-02431-H-WMC MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted December 4, 2013
Pasadena, California

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

Christopher Newcomb, a federal employee, appeals the district court's Rule

12(b)(1) dismissal of his action against the U.S. Office of Special Counsel for lack

of subject matter jurisdiction on the grounds of constitutional and prudential

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ripeness. He argues the district court erred by finding that Newcomb did not have an actual or well-founded fear that the Hatch Act[1] would be enforced against him in the 2012 Alpine Union School Board Election.

Newcomb's complaint, upon which the district court relied, alleged an injury squarely based on his "inten[tion] to run for a seat on the Board in the November 2012 election." The injury he alleged—the cloud of Hatch Act enforcement would materially hinder his 2012 campaign just as it hindered his 2010 campaign—required that he actually run for office, as he did in 2010. Newcomb ultimately decided not to run for election in 2012, which raised the question of mootness. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

Newcomb's decision against running in 2012 rendered his claim moot because the injury he alleged did not occur, nor will it occur. In short, it is no longer live. *See Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010). Nor do Newcomb's original claims fall into the "capable of repetition, yet evading review" exception to the mootness doctrine. *Id.* (quoting *S. Pac. Terminal Co., v. Interstate Commerce Comm'n*, 219 U.S. 498, 515 (1911)). At argument, Newcomb's attorney foreclosed the possibility that Newcomb's original claims,

---

[1] The Hatch Act prohibits covered employees from running "for the nomination or as a candidate for election to a partisan political office." 5 U.S.C. § 7323(a)(3).

which were predicated on his actually running for office, could be repeated. Counsel averred that Newcomb does not intend to seek office again absent a favorable ruling on the merits from a court. Logically, then, his original claim is not capable of repetition. Likewise, this claim does not fall into the collateral injury exception to the mootness doctrine because the self-censorship injury Newcomb now alleges is entirely new, not some portion of the original injury and relief sought. *See, e.g.*, *Bd. of Pardons v. Allen*, 482 U.S. 369, 370 n.1 (1987).

We cannot review Newcomb's new claim of "self-censorship," which was raised for the first time on appeal, because 28 U.S.C. § 1291 limits our review to "final decisions" of the district courts. To rule on a new injury Newcomb alleges with no underlying district court decision pertaining to that claim would be an improper extension of our statutory jurisdiction. Of course, Newcomb is not precluded—by res judicata, collateral estoppel, or related doctrines—from filing a new lawsuit alleging an injury based upon "self-censorship."

**DISMISSED.**